Hattie NEAL and Mary
Neal, Plaintiffs,

v.

**COCHRAN, CHERRY, GIVENS & SMITH, P.C.; The Cochran Firm Memphis Office; and David McLaughlin, Defendants.**

**Civil Action File No. 1:07–cv–1935–TCB.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 8, 2008.

Hattie Neal, Stone Mountain, GA, pro se.

Mary Neal, Stone Mountain, GA, pro se.

Cheryl Halliday Shaw, Kent Taylor Stair, Carlock Copeland & Stair, LLP, Atlanta, GA, for Defendants.

### *ORDER*

TIMOTHY C. BATTEN, Sr., District Judge.

This matter is before the Court on Plaintiffs' motion for Payment of Service of Process Fees and Related Expenses by Defendants [42].

Plaintiffs filed this legal malpractice action against the three Defendants on August 15, 2007. Pursuant to Fed.R.Civ.P. 4(d)(1), on November 10, 2007, Plaintiffs sent a waiver of service form to Defendant David McLaughlin. Plaintiffs contend (in paragraph 1 of their motion) that the form was submitted to McLaughlin in his individual capacity and as registered agent for Defendant The Cochran Firm Memphis Office.[1] On page 3 of their brief in opposition to Plaintiffs' motion, Defendants assert that the form sought waiver of service on behalf of all three Defendants.

None of the Defendants waived service. According to the three returns of service filed by Plaintiffs on December 21, 2007, Defendant Cochran, Cherry, Givens & Smith, P.C. was served with process on December 11, 2007, and Defendants The Cochran Firm Memphis Office and McLaughlin were served the next day, December 12.

In their July 3, 2008 motion, Plaintiffs seek an order awarding them costs of service in the amount of $416.84.

The Court will deny Plaintiffs' motion to the extent that it seeks an award of the costs of serving Defendant Cochran, Cherry, Givens & Smith, P.C., as Plaintiffs expressly disavow any request for the costs of serving this Defendant. *See* Pls.' Mot. [42] ¶ 1 and Pls.' Reply [45] ¶¶ 2–3.

■■■ As for Plaintiffs' request for an award of the costs of serving Defendants The Cochran Firm Memphis Office and McLaughlin, the Court finds that Plaintiffs' motion should be granted.

Fed.R.Civ.P. 4(d)(1)(F) & 4(d)(2) essentially provide that a defendant who receives a request to waive service has "a reasonable time or at least 30 days after the request was sent" to sign and return the waiver, and that if the defendant fails to do so "without good cause," the expenses incurred in making service shall be awarded to the plaintiff. The Advisory Committee Notes state that while a defendant should be given the opportunity to show good cause for failure to waive service, "sufficient cause should be rare." Fed.R.Civ.P. 4 Advisory Committee Notes, 1993 Amendments. The Committee Notes further provide that "[i]t is not a good cause for failure to waive service that the claim is unjust or that the Court lacks jurisdiction." *Id.*

Apparently, Plaintiffs do not deny that The Cochran Firm Memphis Office and The Cochran Firm—FLA—TENN, LLP are one and the same. *See, e.g.,* Pls.' Reply [45], ¶¶ 2, 7–9. However, Plaintiffs have spurned Defendants' offer, apparently contending that "The Cochran Firm Memphis Office" is a trade name for The Cochran Firm—FLA—TENN, LLP and that as such, it is susceptible to suit in that name.

---

1. Defendants have repeatedly indicated that no such entity exists and that Plaintiffs presumably were referring to The Cochran Firm—FLA—TENN, LLP. Defendants acknowledge that McLaughlin is the registered agent of that entity. Dfs.' Resp. [43], at 2. Defendants have also indicated that The Cochran Firm—FLA—TENN, LLP will accept service of process if Plaintiffs will amend their complaint to correct the misnomer.

Defendant The Cochran Firm Memphis Office contends that McLaughlin had good cause not to execute the waiver on its behalf because its correct name is The Cochran Firm—FLA—TENN, LLP. However, Defendants clearly transact business under the trade name "The Cochran Firm," and Defendants do not assert that The Cochran Firm Memphis Office is a different entity from The Cochran Firm—FLA—TENN, LLP. To the contrary, Defendants contend (on page 5 of their brief) that "The proper name of this entity is 'The Cochran Firm—FLA—TENN, LLP.'" In other words, there is no dispute that The Cochran Firm Memphis Office and The Cochran Firm—FLA—TENN, LLP are the same.

Considering that Defendants obviously knew that Plaintiffs, who are pro se, were referring to The Cochran Firm—FLA—TENN, LLP when they used the misnomer The Cochran Firm Memphis Office, the Court rejects Defendants' argument that they could refuse to waive service of process with impunity. Although a misnomer may under certain circumstances constitute good cause sufficient to relieve a defendant of its duty[2] to avoid unnecessary expenses related to service of process, Plaintiffs' obvious misnomer of a law firm Defendant (which presumably understands the nuances of federal civil procedure and was not harmed by the misnomer) does not constitute good cause so as to relieve the Defendant of that duty.

■ Defendant McLaughlin also contends that his failure to waive service on his own behalf does not entitle Plaintiffs to "recoup any fees above and beyond the basic cost of effectuating personal service on McLaughlin." Plaintiffs paid Lexis-Nexis to serve McLaughlin twice: once for The Cochran Firm Memphis Office and once for McLaughlin personally, at a cost of $175 each. Plaintiffs also paid FedEx $53.61 to send the summonses to Lexis-Nexis and $13.23 to send the executed returns of service back to Plaintiff Mary Neal for filing with the Court. Apparently, McLaughlin contends that these charges were excessive and "over and above 'basic' service costs" (though McLaughlin does not indicate what he contends would be the cost of "basic" service of process).

A related argument McLaughlin makes is that Fed.R.Civ.P. 4(m) allows a plaintiff only 120 days to effect service and that Plaintiffs waited until November 10, 2007—almost three months after filing the complaint on August 15—to send their requests for waivers of service. Thus, McLaughlin contends, any urgency Plaintiffs felt to effect service (and thus any increased costs associated with expedited service) is attributable to Plaintiffs, and reimbursement of such increased costs therefore should not be allowed.

The Court rejects these arguments. First, the Court finds as a matter of both fact and law that the $416.84 paid by Plaintiffs to LexisNexis and FedEx to serve McLaughlin for himself and co-Defendant The Cochran Firm Memphis Office are reasonable. Second, the Court finds that any sense of urgency associated with the need to serve these two Defendants resulted from McLaughlin's failure to fulfill his duty to avoid unnecessary expenses of serving the summonses—not Plaintiffs' act of waiting nearly three months to request

---

2. See Fed.R.Civ.P. 4(d)(1).

the waiver of service.[3]

Accordingly, Plaintiffs' motion [43] is GRANTED. Within ten days Defendants The Cochran Firm Memphis Office and McLaughlin shall pay Plaintiffs the sum of $416.84.[4]

---

3. Defendants also point out that McLaughlin was personally served with process on December 12, 2007, exactly 30 days after he received the waiver request. However, McLaughlin was obligated to return the executed waiver of service to Plaintiffs on or before December 10, 2007—thirty days after Plaintiffs sent the proposed waiver to McLaughlin. Fed.R.Civ.P. 4(d)(1)(F).

4. On July 18, 2008, Plaintiffs filed a reply brief in support of their motion. In paragraph 12 of that brief they seek an additional $411.05 in service of process costs. Because Plaintiffs failed to include the $411.05 in their original request, the Court will not consider that figure.